

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Hon. Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-183
Re: Construction of Section 7 (b)
Article 1 of Liquor Control
Act.

Your request for an opinion upon the question:

"What procedure is to be followed by the
Liquor Board in carrying out the provisions of
Section 7 (b) Article 1 of Liquor Control Act?"

has been received by this Department.

Your letter reads as follows:

"Section 7 (b), Article I, of the Texas
Liquor Control Act, as amended by the Forty-
Fifth Legislature, provides that: 'All inspec-
tors and representatives of the Board shall
subscribe to the constitutional oath of office;'
however, the constitutional oath, as recently
adopted by the electorate, makes no allowance
for a change in the oath to be administered
appointive officials, as formerly did Section 1,
Article 16, of the State Constitution.

"I should like to be advised as to the pro-
cedure to be followed by the Liquor Control Board
in carrying out the provisions of Section 7 (b).

"For your convenience, I have herewith en-
closed a copy of the oath to be administered em-
ployees who have assumed duties with the Board

since the adoption of the constitutional amendment. Please advise me if, in your opinion, this oath will suffice.

"I also enclose a copy of the oath which has been administered employees under the old oath provision of the constitution."

You are respectfully advised that it is the opinion of this Department that the oath you enclosed to be administered your employees should be administered by you to your employees until such time as such procedure might be held improper by a court of last resort in this State.

You do not ask whether or not any oath is required to be administered to appointive officials by virtue of the amendment to Section 1 of Article 16 of the State Constitution which, as pointed out by you in your letter, made no allowance for a change in the oath to be administered appointive officials. Therefore, we do not answer that question but, we are of the opinion that the oath you have prepared is certainly within the spirit of the Constitution, if not within the direct letter of the Constitution and that the same should be administered until said procedure would be held invalid or improper by a court of last resort.

Trusting that this answers your inquiry, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Assistant

WJF:AW

APPROVED:


ATTORNEY GENERAL OF TEXAS